CASE.

*Case 81.*

# Gaskill *vs* Glass and Son.

ERROR TO THE CHRISTIAN CIRCUIT.

*Abuse of process of law.   Witness.   Notice.   Evidence.
Attachment.*

*May 7.*

JUDGE MARSHALL delivered the Opinion of the Court.

Cause of action alleged in plaintiff's declaration for abuse of the process of attachment in Pennsylvania.

A COMMERCIAL house of the city of Philadelphia, of which Gaskill was a member, being the creditors of Glass and Son, merchants of Hopkinsville, Kentucky, by three notes for about eleven hundred dollars, and learning that goods, belonging to Glas and Son, were on their way from New York to Kentucky, by the way of Pittsburg, sent the three notes to a correspondent, in Pittsburg, with a request to place them in the hands of an active and responsible attorney, with instructions to attach the goods of Glass and Son, on their arrival in Pittsburg, and to use the vigilance necessary to prevent them from either escaping their attachment or being first taken by other creditors. A writ of attachment was accordingly sued out, from the District Court of Alleghany county, and was levied upon sixteen packages of goods, belonging to Glass and Son, in the possession of McShane & Kelly, their forwarding merchants in Pittsburg. The goods, after being detained for some short time, were released,

in consequence of an arrangement for securing the debt, which was made by one of the owners, who had gone on from Kentucky for that purpose; and Gaskill, one of the attaching creditors, having afterwards come to Kentucky, Glass and Son brought this action on the case, against him and his partners, for an alleged abuse of the process of attachment, by an excessive levy, averring that, for a debt of about $1100, their goods, of the value of ten or twelve thousand, had been attached and detained, whereby they say they sustained great injury and loss, the particulars of which are set forth in the declaration. The other defendants, not having been found in Kentucky, the suit proceeded against Gaskill alone, and the jury having found a verdict against him, for one hundred dollars in damages, he prosecutes this writ of error, to reverse the judgment thereon, for alleged errors in the various opinions of the Court, rendered during the progress of the trial, and by him excepted to at the time.

The most material questions in the case, arise upon the several instructions given, on motion of the plaintiff, and upon the refusal of others asked for by the defendant. But without detailing the several opinions of the Circuit Court, we shall proceed to state, in general terms, our view of the principles involved in the case, and by which it should be governed.

Upon consideration of so much of the statute of Pennsylvania, applicable to the subject, as was read on the trial, we are of opinion that the form of the attachment in this case, in substance, commanding the sheriff to attach the defendants, by all their goods and chattels, &c. in the possession of certain named persons, so that they appear in Court to answer the plaintiffs of a plea described, by briefly stating the form of action and the sums due on the notes, was authorized by the statute, and conformable to the practice under it, as proved by the attorney who ordered it, and as stated by the sheriff who executed it; and as the return by the sheriff, states only that sixteen packages of the goods were attached, under the writ, we are further of opinion, that to enable the defendants in the attachment, plaintiffs in this action, to recover demages from the plaintiffs in the attachment, or

Gaskill
vs
Glass and Son.

Questions for decision here.

Attachment being sued out in a sister state, in conformity to the laws thereof, to authorize a recovery here for an excessive levy, on goods of plaintiff, the relative value of the goods taken, should be proved, and it was error in the court below to refuse so to instruct the jury.

any one else, on the ground of an excessive levy, it is in-cumbent on them to prove the actual, or at least the rela-tive value of the goods attached, which, as the case stands, must be taken to be the goods only which were contained in the sixteen packages. On this point there seems to be a failure of proof, and an error in the opinion of the Court, in refusing the instructions asked for, which assert the proposition just stated.

*Where an attachment is lawfully sued out to authorize a recovery for excessive levy, it should appear by proof, that defendant had obvious means of knowing the extent thereof, or was actuated by malice.*

And supposing, as assumed in the instructions given for the plaintiff, that the goods attached were proved, on the trial, to have been more than sufficient to satisfy the debt, and to have exceeded it in value, three or four, or even ten times, and conceding also, that the statute of Pennsylvania intends to authorize the attachment, not of all of the defendant's goods, in the hands of the guar-nishees, as the writ expressly commands, but only of so much as will be reasonably sufficient to satisfy the debt; and that there may be such an excess in the levy as would constitute an abuse of the process, for which the party injured should be compensated in damages, it seems to us, that in seeking to recover such damages from any of the parties concerned, it must be shown, not only that there was an excess, flagrantly unreasonable, but that the person attempted to be charged, whether it be the sheriff, or the attorney, or the plaintiffs in attachment, either knew that there was such flagrant excess, or had such ob-vious means of knowing, that ignorance should be deem-ed equivalent to knowledge, or that being instigated by malice towards the debtor, and a desire to injure and op-press him, they did, or directed to be done, whatever could be done to his injury, under the literal command of the process, without proper regard to its real objects or

*Where the cause of action is set out in the attachment, and delivered to the officer to execute at discretion, neither plaintiff or his attorney liable for an abuse of discretion in the officer, without a sanction, by some act done other than barely*

to the intention of the statute. Moreover, as the writ of attachment contains a statement of the cause of action, and the sum sued for, we should be of opinion, that upon the construction of the statute, now assumed, the value of the goods to be attached would be left to the discre-tion of the officer, and that, although in a particular case he might be liable for an abuse of that discretion, in making an excessive levy, both the plaintiff and the at-torney in the attachment would have a right to rely upon

his discretion, and if the process came to his hands in the usual form, and with the usual directions, which would only imply, that he should execute it in the usual manner, at his own discretion, and subject to his appropriate responsibilities, neither the plaintiff nor attorney could be made liable for the abuse of discretion, by the officer, unless by some other act than the mere institution of the proceeding, in the usual form, and with the usual directions, they directly or indirectly authorized, concurred in, or sanctioned the abuse complained of; and that even if the attorney should have so authorized, concurred in, or sanctioned it, the plaintiffs in the attachment would not, thereby, be involved in the liability for the abuse, unless they, or some of them, acting for the rest, had done something more than merely to send to the attorney the evidence of their demand, with directions to attach the goods of their debtor, and to use such vigilance and activity as would render the proceedings effectual.

GASKILL
*vs*
GLASS AND SON

forwarding the claims to the attorney & sueing out the lawful process.

The instructions given by the Court, on motion of the plaintiffs, are entirely at variance with the principles here stated, and are, therefore, erroneous, even upon the construction of the statute above assumed. But there are several considerations, in addition to the command of the writ, which operate strongly to show, that the statute does not contemplate any comparison between the value of the demand and that of the goods to be attached. In the first place, one of its objects, and perhaps the most immediate one, is to coerce the defendant to give bail in the action, and it provides that the attachment shall be dissolved, by giving bail.· In the second place, it provides no means or authority for the ascertainment of the value of the goods by the sheriff, upon levying the attachment, and certainly gives him no power, at that stage, to open packages of goods for inspection and appraisement.

Sheriff levying an attachment, under the attachment law of Pennsylvania, has no authority to open packages of goods for inspection and appraisement.

In the third place, considerable delay would intervene, according to the course of proceeding prescribed by the statute, before the goods could be sold for the satisfaction of the demand, and regarding the hazards attendant upon such delay, it would be at least extremely difficult to fix upon any criterion for determining what amount of goods would be sufficient for the security of the debt; and in

The attachment law of Pennsylvania, does not design that the goods shall be removed from the possession of the guarnishee.

addition to this, as the statute does not seem peremptorily to require that the attached goods shall be actually taken from the possession of the guarnishee, (and it may be inferred that they were not taken from his custody in this case,) it would seem that, he being the agent of the defendant, with a presumed knowledge, more or less exact, of the value of the goods, would be more competent to decide what portion of the goods would be certainly sufficient for the objects of the attachment, and might, with more reason, and with more safety, retain a portion less than the whole, than the sheriff could attach a portion less than the whole.

There is no liability incurred by pursuing, in good faith, the ordinary remedies given by law for the recovery of a just debt.

If these considerations are not sufficient to establish the construction, that the statute does not intend any comparison between the value of the debt and of the goods attached, and does not impose any liability for an excess in the levy of the attachment, they at least corroborate and elucidate the principles which have been stated, as applicable to the opposite construction; and upon either construction, those principles which are intended to be applicable to a case in which the attachment is the legally authorized remedy resorted to in the first instance, in good faith, for the purpose of collecting a just demand, by lawful means, and not merely from a desire to injure and oppress the debtor, under the pretext of a legal proceeding, are as favorable to the plaintiffs in this action, as the principles of the law will allow, and seem to be sufficient to place the case properly before the jury, on another trial, with this additional comprehensive proposition, that, if in this case, the facts existed upon which the statute authorises the remedy by attachment, which is not understood to be disputed, and if, as the evidence conduces to prove, Gaskill, &c. resorted to that remedy, in good faith, for the coercion of their debt, and the remedy was prosecuted, from beginning to end, without any departure from the usual course, or if in case there were any such departure, it occurred without the authority, concurrence, or sanction of some or all of them, neither they, nor any one of them, can be made liable for its consequences.

The Court departed from these principles, both in refusing and in giving instructions, and also erred in rejecting so much of the deposition of the sheriff, who executed the attachment, as states the usual practice in executing such process, which he was competent to prove, and also in deciding, that a notice for taking depositions in Philadelphia, on the 10th day of July, did not give sufficient time, when served on the plaintiffs in Christian County, Kentucky, on the 11th day of the preceding month of June.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, in conformity with this opinion.

*Owsley* for plaintiff.

NAZARETH LIT. & BENEVO. INST. *vs* LOWE AND WIFE.

Sheriff in Penn. is competent witness to prove that he executed the process of attachment in the ordinary way.

Notice served in Hopkinsville, Ky. on the 11th of one month, to take depositions in Philadelphia on the 10th of the succeeding month, is reasonable.